**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03728-PAB-CYC

WILLIAM MONTGOMERY,

Plaintiff,

v.

CHRIS WU, and
TANNER SPEHAR

Defendants.

---

**DEFENDANTS' OBJECTIONS TO RECOMMENDATION**

---

Defendants, **CHRIS WU** and **TANNER SPEHAR**, through their undersigned counsel, **SGR, LLC**, hereby timely submit their specific objections to the Recommendation of United States Magistrate Judge [ECF No. 39] to partially deny their Motion to Dismiss [ECF No. 22], and state as follows:

## I. STANDARD OF REVIEW

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.*

## II. DEFENDANTS' OBJECTIONS

Defendants raise two specific objections to the Recommendation. First, Defendant Spehar objects to Judge Chung's finding that Claim One is plausible considering what he and Defendant Wu would have known about the call for service when they arrived on scene, and its ramifications on the qualified immunity defense given no clearly established law defeated probable cause at the time of the initial pat-down search. Second, Defendants object to Judge Chung's finding that Claims Two and Four are plausible, because neither Plaintiff nor Judge Chung identified any clearly established law defeating arguable probable cause for his continued arrest. As further discussed below, these aspects of the Recommendation should be rejected, and all of Plaintiff's claims should be dismissed with prejudice.

### 1. Defendant Spehar had actual and/or arguable probable cause for shoplifting prior to his initial search of Plaintiff's pockets and is otherwise entitled to qualified immunity from Plaintiff's first claim for lack of clearly established law.

Judge Chung determined, in relevant part, that the initial search of Plaintiff's pockets (prior to his arrest) violated clearly established law because, per Judge Chung's reading of the Complaint: "[D]efendants knew only that they had been called to the scene and that [ ] [P]laintiff had attempted to walk away." [Recommendation, p. 8]. Judge Chung then relied on *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995) for the proposition that "'[s]tanding alone, a suspect's attempt to walk away or flee from a police officer is generally not sufficient to create probable cause.'" [Recommendation, p. 8]. But even assuming for the sake of argument that a general legal proposition contained in an out-of-circuit opinion could create clearly established law in this case (it cannot), the allegations show Defendants also knew that Plaintiff had been accused of theft prior to the search. For instance, contrary to the inference drawn in the

Recommendation, the Complaint does not state that no information about the nature of the call was provided to dispatch or to Defendants prior to their arrival at the scene. [*See, e.g.*, ¶ 40 (indicating that Defendants had received the theft report but did not know exactly what merchandise had been reported stolen)]. Nor would it be reasonable to infer a lack of such information, particularly given Defendant Wu's initial seizure of Plaintiff by ordering him to stop. [Complaint, ¶ 17]. Moreover, per the Complaint, Defendants had specifically questioned Plaintiff "about whether or not he had shoplifted from the store" prior to speaking with any store employees. [Complaint, ¶ 19]. This shows that Defendants had been advised of a suspected theft prior to the pat-down search, and there are no allegations that rebut this.

Neither Plaintiff nor Judge Chung has identified any clearly established law for the proposition that an officer lacks actual and/or arguable probable cause to arrest a theft suspect who tries to flee. *See also D.C. v. Wesby*, 583 U.S. 48, 59 (2018) ("[U]nprovoked flight upon noticing the police, we have explained, is certainly suggestive of wrongdoing and can be treated as suspicious behavior that factors into the totality of the circumstances.") (cleaned up); *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 439 (7th Cir. 1986) ("When an officer has 'received his information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is telling the truth,' he has probable cause... Police have reasonable grounds to believe a guard at a supermarket.") (internal citation omitted); *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 790 (3d Cir. 2000) (affirming, in relevant part, police officer's qualified immunity on the grounds that a report from a credible eyewitness constitutes probable cause). Because the totality of information known to Defendants prior to the search—and specifically imputed to Defendant Spehar—could lead a reasonable officer to believe there

was probable cause to arrest Plaintiff for theft, Defendant Spehar should be entitled to qualified immunity from Plaintiff's Claim One.[1]

**2. Defendant Wu is entitled to qualified immunity from Plaintiff's second and fourth claims, for lack of clearly established law undermining arguable probable cause for false reporting.**

In denying qualified immunity to Defendant Wu with respect to Plaintiff's continued (post-footage) detention and search of his wallet, Judge Chung identified two cases discussing the elements of false reporting. [Recommendation, p. 14]. From there, Judge Chung reasoned that probable cause for this offense depends on whether a suspect has provided false information leading to the false report. [Recommendation, pp. 14–15].

Judge Chung's interpretation of these cases notwithstanding, they cannot overcome Defendant Wu's qualified immunity because they do not constitute clearly established law. *Profita v. Puckett* is a district court decision, "which is legally insufficient to clearly establish a proposition." *Est. of Deweese v. Hancock*, 2026 WL 2416824, at *5 (10th Cir. Aug. 19, 2026). *Anderson v. Senthilnathan*, a decision from the Colorado Court of Appeals, fares no better. *Id.* ("Only prior Supreme Court or Tenth Circuit precedent, or the weight of authority from other circuit courts can clearly establish law in qualified immunity cases.") (internal quotations omitted). Nor do these cases discuss what is required to establish probable cause for false reporting, whether under the state statute or the operative municipal code. In fact, neither case involves a police officer at all, much less whether he should be entitled to qualified immunity based on arguable probable cause.

[1] Claim One was not asserted against Defendant Wu. [*See* Complaint, p. 11].

It is a crime in Westminster to "knowingly cause[ ] the transmission of a report to law enforcement authorities of a crime ... [while knowing] that it did not occur." WESTMINSTER, CO., MUNICIPAL CODE § 6-5-7 (2026) (emphasis added); COLO.REV.STAT. § 18-8-111(1)(a)(II) (criminalizing identical conduct). The "causation" element is undefined. Even accepting the allegations as true, a reasonable officer in Defendant Wu's position could have believed probable cause existed. Plaintiff initially failed to show his receipt and repeatedly failed to deny the accusations or exculpate himself, causing the store to report a theft he knew never occurred. Even if Defendant Wu was mistaken, the issue of probable cause under these circumstances is not settled "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

**WHEREFORE**, for the reasons stated herein, Defendants respectfully request that this Court reject, in part, the Recommendation and dismiss all claims with prejudice.

Respectfully submitted,

/s/ Eric M. Ziporin
***Eric M. Ziporin***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
Email: eziporin@sgrllc.com

/s/ Jonathan N. Eddy
***Jonathan N. Eddy***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
Email: jeddy@sgrllc.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 31st day of August, 2026, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS' OBJECTIONS TO RECOMMENDATION** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses. A copy will be emailed to the *pro se* party below:

William Montgomery
2443 S. University Blvd. #129
Denver, CO 80210
zoinbergs@gmail.com
*Plaintiff pro se*

s/ *Mariel Juniper*
Legal Secretary